JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH E. HIRE (CABN 187330)
CHRISTINE Y. WONG (NYBN 3988607)
Assistant United States Attorneys

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3929/3717
   Facsimile:  (510) 637-3724
   E-Mail:  Garth.Hire@usdoj.gov
         Christine.Wong@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> TELLAS JETT, ) <br> EUGENE MOSES, ) <br> CHRISTOPHER ROBERSON, and ) <br> CALVIN SLOAN, ) <br> ) <br>    Defendants. ) | No. CR 08-0509 SBA <br><br> STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DISCOVERY |

Plaintiff, by and through its attorney of record, and defendants, by and through their attorneys of record, hereby stipulate and ask the Court to find as follows:

1. A federal grand jury has returned an indictment charging defendants with conspiracy to commit armed bank robbery, committing armed bank robbery, and using and carrying firearms during and in relation to crimes of violence.

2. The government believes that the proposed protective order is necessary to

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY

preclude discovery materials, which may contain the identities of potential witnesses and cooperating defendants or information from which those identities may be discovered, from being disseminated among members of the public and the various defendants in this case. Specifically, the government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm witnesses and/or defendants.

3. Defendants and their counsel deny that any person would be endangered by defendant's possession of any discovery material in this matter. The parties agree that no inference should be drawn about defendants' dangerousness because of their agreement to enter into this stipulation and be subject to the protective order.

4. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, defendants, and other members of the community and reduce the risk of retribution against cooperating witnesses by precluding the circulation of these interview reports, statements, and documents throughout the prison system and the community, while permitting the defense to obtain discovery required by Federal Rule of Criminal Procedure 16 and the United States Constitution. Accordingly, the parties jointly request that the Court order as follows:

a. For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for defendants; (2) defense investigators assisting counsel with this case; and (3) any expert witnesses who may be retained or appointed by the defense teams. Each member of a defense team must provide the government with a letter indicating that they have read this stipulation and agree to be bound by its terms. For purposes of this Order, a term "defense team" does <u>not</u> include defendants.

b. The government is authorized to provide each defense team with discovery required by F.R.Cr.P. 16 and may, in its discretion, designate any discovery produced as "Confidential Discovery" to be governed by the terms of this protective order. The government may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and shall produce such discovery on a CD marked "WARNING:

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY    2

CONTENTS SUBJECT TO PROTECTIVE ORDER.  UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

    c.  The defense team shall not permit anyone, <u>including defendants</u>, to have physical possession of Confidential Discovery pursuant to this Order other than the defense team.

    d.  A defense team shall not divulge the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the individual defendant it represents.  A defense team member may show Confidential Discovery to the individual defendant it represents in the physical presence of a defense team member but may not permit that defendant to have physical possession of the Confidential Discovery.

    e.  A defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal presence.  A defense team may take Confidential Discovery into a custodial facility to show it to the individual defendant it represents but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have physical possession of the Confidential Discovery.

    f.  In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.

    g.  The defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.  In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

    h.  After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the government will maintain a copy of all Confidential Discovery produced.  The government will maintain such documents until the time period for

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY 3

filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has expired, the government may destroy the documents.  In the event a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will provide that counsel with a copy of the Confidential Discovery under the same restrictions as trial and direct appeal defense counsel.  Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the Confidential Discovery fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

IT IS SO STIPULATED.

DATE: November 17, 2008                                                      Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_/s/_
GARTH HIRE/CHRISTINE WONG
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

_/s/_                                                                                    _/s/_
GILBERT EISENBERG, ESQ.                                   JOYCE LEAVITT, ESQ.

Counsel for Tellas Jett                                               Counsel for Eugene Moses

_/s/_                                                                                    _/s/_
LAURIE ROBINSON, ESQ.                                       IAN LOVESETH, ESQ.

Counsel for Christopher Robinson                            Counsel for Calvin Sloan

//

//

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY 4

//

## ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED: The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense and may designate discovery to be governed by this protective order as Confidential Discovery. The parties are hereby ordered to comply with the conditions set forth in paragraphs 4(a)-(h) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

DATED: 11/20/08

*Saundra B Armstrong*
HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE